### ZIEPH v. ROSENSTEIN.

#### (Supreme Court, Appellate Term.   January 7, 1904.)

1. APPEAL.—INSUFFICIENCY OF RECORD—ABSENCE OF EXHIBITS.

Where material exhibits introduced in evidence, and consisting of an assignment of the cause of action to plaintiff, a receipt, a bill of sale from plaintiff's assignor to a third person, and a book, are not attached to the record, the appeal cannot be determined.

Appeal from Municipal Court, Borough of Manhattan, Thirteenth District.

Action by Joseph Zieph against Louis Rosenstein. Judgment for plaintiff, and defendant appeals. Case returned to files.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and GREENBAUM, JJ.

M. W. Hart, for appellant.

Shafer & Levin, for respondent.

PER CURIAM. Plaintiff brings this action as an assignee of one Rosie Oppenheim. The claim is based upon an alleged breach of contract on the part of the defendant, in failing to pay over to plaintiff's assignor one-half of the amount realized by a sale of the stock of a furniture store, over and above the sum of $1,100. As appears from the record, the plaintiff offered in evidence what his attorney said was an assignment from Rosie Oppenheim to the plaintiff, which was received and marked "Plaintiff's Exhibit 1." A paper called a "receipt" was offered and received in evidence, and marked "Plaintiff's Exhibit 2." The defendant offered in evidence a paper, said to be a bill of sale from Rosie Oppenheim to Isaac Rosenstein, which was received, and marked "Defendant's Exhibit 1." A book was offered and received in evidence, and marked "Plaintiff's Exhibit 3." None of these exhibits are attached to the record, and it is impossible to determine this appeal without them, or copies.

The case should be returned to the files of the court, to await such disposition as the parties may be advised.

Case returned to files of the court.